IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

    vs.

GONZALO NUNEZ-CAMACHO,

Defendant.                         No. 12-cr-30242-DRH-2

ORDER FOR FORFEITURE PURSUANT TO
FED.R.CRIM.P 32.2 WITH RESPECT TO GONZALO NUNEZ-CAMACHO

In the Indictment filed in the above cause on August 22, 2012, the United States sought forfeiture of property of Defendant, Gonzalo Nunez-Camacho, pursuant to 21 U.S.C. § 853. The Court, upon consideration of the guilty plea received in this matter and the provisions of the plea agreement, hereby finds by a preponderance of evidence that the following property is forfeitable and hereby orders forfeited the following property:

> **All interest of the defendant, if any, in the United States funds of $35,738.00 seized by law enforcement on or about June 20, 2012; and**
>
> **Five hundred thirty-two thousand dollars ($532,000.00) in United States funds.**

A forfeiture judgment is entered in favor of the United States and against defendant Gonzalo Nunez-Camacho in the amount of $532,000.00. This judgment may be enforced as an ordinary monetary judgment, by the forfeiture of substitute assets, or by a combination of both, as long as double recovery is not obtained by the

government. In that the amount of this judgment consists of funds represented by cocaine attributable to this defendant and not from all of the cocaine distributed in the entire conspiracy, the forfeiture proceeds collected from other co-defendants towards their own forfeiture judgments shall not constitute a credit in favor of Gonzalo Nunez-Camacho towards his judgment.

The Court further orders forfeited, as part of the foregoing $532,000.00, the property listed below. To the extent that any of the property listed below may not be directly forfeitable, the Court hereby orders it forfeited as substitute property pursuant to 21 U.S.C. § 853(p). In any event, the forfeiture of said property shall be credited towards the total forfeiture amount of $532,000.00:

**All interest of the defendant, if any, in the United States funds of $35,738.00 seized by law enforcement on or about June 20, 2012.**

Because the $532,000.00 represents a monetary judgment and not physical property or cash at hand, it will not be necessary for the United States to publish notice of the forfeiture of the $532,000.00. However, with respect to the $35,738.00, the United States shall provide notice as follows:

The United States shall, under the authority of 21 U.S.C. § 853(n)(1) to "publish notice of the order and of its intent to dispose of the property in such matter as the Attorney General may direct," provide notice of the forfeiture and the right of persons other than the defendant who have any claim or legal interest in any of the property to file a petition with the Court. Said notice shall be provided in a manner consisted with Supplemental Rule G(4)(a) of the Supplemental Rules for Admiralty or Maritime

Claims and Asset Forfeiture Actions.

The notice shall state that the petition shall be set for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the release.

The United States may, also to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order for Forfeiture, as the substitute for the published notice to those persons so notified.

Upon the filing a petition alleging the third-party interests in the property, the court may amend this order to resolve the claimed third-party interests.

The United States Marshal shall seize and reduce to his possession, if he has not already done so, the above-described property.

This Order, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, shall become final with respect to Defendant Gonzalo Nunez-Camacho at the time of the Defendant's sentencing, regardless of whether or not the rights of actual or potential third-party petitioners have been determined by that time.

This Order shall be made part of the sentence of Defendant Gonzalo Nunez-Camacho and shall be included in the Judgment imposed against said Defendant.

This Order is a final order with respect to said Defendant, and this Order may

be amended with respect to petitions filed by third-parties claiming an interest in the subject-matter forfeited property.

**IT IS SO ORDERED.**

Signed this 6th day of March, 2013.

David R. Herndon
2013.03.06
11:43:21 -06'00'

**Chief Judge**
**United States District Court**